United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Emilio Pinero, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-22826-Civ-Scola |
| | ) |
| Jimbo's Sand Bar, Inc. and HGS | ) |
| Holding Corporation, Defendants. | ) |

## Order Denying Motion to Dismiss

This matter is before the Court upon Defendant HGS Holding Corporation ("HGS") motion to dismiss under Rule 12(b)(6). (the "Motion," ECF No. 26.) The Court **denies** the Motion for the reasons that follow.

## 1.   Factual Background

Plaintiff Emilio Pinero ("Pinero") brings this one-count complaint for injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). (ECF No. 10.) Specifically, the Amended Complaint alleges that Pinero is a double amputee who requires a wheel chair to ambulate, (*id.* at ¶ 2); that Pinero visited the Defendants' restaurant, (*id.* at ¶¶ 2, 10); that physical barriers at the restaurant restricted or limited his ability to access the facility in violation of the ADA, (*id.* at ¶ 10); and that Pinero would like to visit the restaurant in the future but is unable to do so as a result of these barriers, (*id.* at ¶ 11). Specifically, Pinero identifies the following physical barriers at the Defendants' restaurant:

A.   There are non-compliant designated disabled parking spaces at the facility contrary to the ADA Standard 502

B.   The property lacks accessible site arrival points contrary to the ADA standard 206.

C.   The exterior routes are non-compliant contrary to the ADA standard 206.

D.   There is no accessible means of egress contrary to the ADA standard 207.

E.   There is no ADA directional signage at the property.

F.   There is no policy and procedure to assist disabled individuals contrary to the ADA.

G.   The bar is non-complaint contrary to ADA standard 902.

H. The service counter is non-complaint contrary to ADA standard 904.

I. The seating is non-complaint contrary to ADA standard 902.

J. There are tenant spaces that contain the following barriers located within their restrooms: The grab bars are non-compliant, the lavatory is noncompliant, the restroom doors are non-compliant, there is a lack sufficient clear floor space, there is a lack of maneuvering space, the door hardware is non-compliant, the toilet is non-compliant, the dispensers are at a noncompliant height, the door pull force is non-compliant, and there is a lack of turning space contrary to ADA standards, 603, 604, 606, 404, 308, 309 and 304.

(*Id.* at ¶ 13.) Pinero also reserves the right to identify additional ADA violations after inspecting the restaurant. (*Id.* at ¶ 14.)

In the Motion, HGS argues that the Amended Complaint does not allege with sufficient specificity the barriers at the subject restaurant that violate the ADA. (ECF No. 26 at pp. 2-3.) HGS takes issue with Pinero reserving the right to identify additional ADA violations at a later point, and asserts that "Plaintiff is required to set forth the alleged ADA violations for which he seeks redress so Defendants can fairly be put on notice of such claims and prepare sufficient responses to them." (*Id.* at p. 3.)

## 2. <u>Standard of Review</u>

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Rule 8 requires only that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) Nonetheless, to survive a motion under Rule 12(b)(6), a plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556.

### 3. <u>Pinero Sufficiently Identifies Barriers to Access at the Restaurant</u>

The Amended Complaint alleges, with varying degrees of detail, at least nineteen violations of the ADA that serve as barriers to Pinero accessing the facility. (ECF No. 10 at ¶ 13.) HGS correctly argues that certain of these allegations are legal conclusions. (*See id.* at ¶¶ 13.A, C, G, H, I.) Other allegations however comply with Rule 8. (*See id.* at ¶¶ 13.B, E, F, J.) On the whole, the Court finds that the Amended Complaint contains sufficient factual detail as to the barriers existing at the restaurant, such that HGS has "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *(see* ECF No. 10 at ¶¶ 13.E, F, J.) Accordingly, the Motion (ECF No. 26) is **denied**.

### 4. <u>Conclusion</u>

In sum, the Court **denies** HGS' motion to dismiss, (ECF No. 26). HGS shall answer the Amended Complaint by **November 19, 2018**.

**Done and ordered** in chambers at Miami, Florida on November 5, 2018.

Robert N. Scola, Jr.
United States District Judge